### BIBER v. SCHMIDT.

(Supreme Court, Appellate Term. June 13, 1900.)

BILLS AND NOTES—PROTEST—NOTICE TO INDORSER—PROOF.

Under Gen. Laws, c. 50 ("Negotiable Instrument Law") § 160, providing that to charge an indorser on a note it must be shown that he had notice of its dishonor, the introduction in evidence, in an action on a note, of a notary's certificate of protest, is not sufficient to charge an indorser, where the certificate merely recites the presentment and protest, and is silent as to the service of notice of dishonor, though Code Civ. Proc. § 923, provides that a notary's certificate shall be prima facie evidence of the facts certified, since it does not certify to the fact of notice.

Appeal from municipal court, borough of Manhattan.

Action by Sigmund Biber against Barbara Schmidt upon a promissory note. The answer was a general denial, failure to give notice of dishonor of the note, lack of consideration, and fraud. Judgment for plaintiff. Defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Carl L. Schurz, for appellant.
P. C. Talman, for respondent.

PER CURIAM. In order to hold the defendant liable as indorser of the promissory note in suit, it is incumbent upon the plaintiff to show that notice of its dishonor was given to her. "Negotiable Instrument Law" (Gen. Laws, c. 50, § 160). The record fails to disclose any proof whatever with respect to this essential fact. The plaintiff insists that such evidence is not required, in view of the provisions of section 923 of the Code of Civil Procedure, which provides that the certificate of the notary public shall be presumptive evidence of the facts certified by him, but the difficulty with this position is that the certificate of the notary in the case at bar merely certifies to the presentment and protest of the note, and is silent as to the service of notice of dishonor. Hence we cannot indulge in the presumption that such notice was given.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

